UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROOSEVELT WILLIAMS, JR.

VERSUS

UNITED STATES FEDERAL AVIATION
ADMINISTRATION, ET AL.

CIVIL ACTION

NO. 10-434-JJB

## RULING

This matter is before the Court on a motion (doc. 40) to dismiss under Rule 12(b)(1) filed by the Federal Bureau of Investigation (FBI), the United States Federal Aviation Administration (FAA), and the United States Department of Justice (DOJ), and a motion (doc. 60) to dismiss under Rule 12(b)(1) filed by the United States Department of Veterans Affairs (VA). Plaintiff has filed oppositions to these motions (docs. 48[1] and 68, respectively). There is no need for oral argument.

In the first motion (doc. 40), the FBI, DOJ, and FAA seek dismissal of any and all claims against them for lack of subject matter jurisdiction. Specifically, these defendants correctly assert that the United States can be sued only to the extent it has waived its sovereign immunity;[2] and the terms of the United States' consent to be sued are jurisdictional prerequisites to suit.[3] The United States has waived its sovereign immunity for negligent or wrongful acts or omissions of its

---

[1] See also, docs. 51, 52, and 55, also filed in opposition to doc. 40.
[2] *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Davis v. United States*, 961 F.2d 53, 56 (5th Cir. 1991).
[3] *Ramming v. United States*, 281 F.3d 158, 165 (5th Cir. 2001); *Broussard v. United States*, 989 F.2d 171, 176 (5th Cir. 1993).

1

employees through the Federal Tort Claims Act (FTCA). As to any negligence claims plaintiff may have attempted to assert against the United States arising from the alleged negligence of any employees of the FBI, DOJ, and FAA, defendants contend that this court may not hear such claims because plaintiff has failed to exhaust his administrative remedies with these three agencies under 28 U.S.C. §2675(a). Plaintiff has not disputed this assertion.

The party invoking federal jurisdiction bears the burden of pleading and proving the court's subject matter jurisdiction.[4] If the party fails to do so, dismissal is appropriate under Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction, and their authority to adjudicate claims must be conferred by statute or the Constitution.[5] As such, any and all of plaintiff's claims against the FBI, DOJ, and FAA should be dismissed for lack of subject matter jurisdiction.

In the second motion (doc. 60), the VA also seeks dismissal for lack of subject matter jurisdiction. Plaintiff's VA Denial Letter was mailed to plaintiff on December 28, 2009. Pursuant to 28 U.S.C. §2401(b), referenced in the VA Denial letter, "[a] tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." Williams filed the instant lawsuit July 1, 2010, which is more than six months from the date of mailing of the VA denial letter. The six month filling

---

[4] *Ramming*, 281 F.3d at 161.
[5] *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

2

deadline under Section 2401(b) is jurisdictional.[6] The court agrees with the VA that Williams' failure to file his lawsuit within the six month period required by Section 2401(b) deprives this court of subject matter jurisdiction over Williams' VA Claim.

Accordingly, defendants' motions (docs. 40 and 60) are hereby GRANTED and plaintiff's lawsuit in this matter is dismissed for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on June 2nd, 2011.

JAMES J. BRADY
DISTRICT JUDGE

---

[6] *Flory v. United States*, 138 F.3d 157, 159 (5th Cir. 1998).